USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/19/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMODY BUILDING CORP.,

                Plaintiff,

-against-

RICHTER & RATNER CONTRACTING CORP., et al.,

                Defendants.

---

08 Civ. 9633 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

    Petitioner Carmody Building Corp. moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, to vacate an arbitration award issued in favor of respondent Richter & Ratner Contracting Corp. ("R&R"). Respondent opposes the petition and cross-moves to confirm the award. The Court finds no ground upon which to vacate the award and therefore denies Carmody's petition to vacate the award and grants R&R's cross-motion to confirm the award.

## I. BACKGROUND

### A. The Underlying Dispute

    The arbitration award at issue here is the culmination of a long-running dispute between a subcontractor—Carmody—and a general contractor—R&R. The basic facts underlying the dispute are as follows.

    In October 2006, R&R engaged Carmody to perform foundation and superstructure work for a construction project at the Bronx Zoo. (*See* Award, Ex. 2 to Affirmation of Ira M. Schulman dated May 31, 2013 ("Schulman Affirm.") 2.) Before construction commenced in May 2007, the parties discovered that the elevation of rock at the project site was lower than expected. (Award at 3.) R&R claimed that, because of this changed condition, it agreed to extend the time by which certain phases of the construction should be completed and to provide Carmody with

additional compensation; Carmody claims that the agreed-upon dates did not reflect an extension of time. (*Id.*) In July, in light of other unanticipated conditions that impacted Carmody's performance, the parties pushed back the expected overall completion date to September 19—though Carmody claims this date was conditional. (*Id.* at 4.) Further disputes arose as to timing as well as the appropriate compensation due Carmody for extra work performed during the months of July and August as a result of the rock conditions. (*Id.* at 5-6.) R&R claims that an agreement was reached in late August to extend the overall completion deadline yet again to October 12 ("August Agreement"). (*Id.* at 6.)

Whatever occurred in August, it is undisputed that on September 5, 2007, R&R provided Carmody with notice that, for a variety of reasons, Carmody had materially breached its agreement with R&R and therefore was in default. (Ltr. from Marc Heiman dated Sept. 5, 2007, Ex. 4 to Schulman Affirm.) R&R informed Carmody that unless the breach was cured within three days, it would terminate the agreement and replace Carmody with another firm. (*Id.*) On September 6, Carmody responded that R&R—not Carmody—was in default because R&R had not paid Carmody for the additional work it had performed or granted appropriate extensions of time. (Ltr. from Biagio Cantisani dated Sept. 6, 2007, Ex. 4 to Schulman Affirm.) On September 10, R&R terminated Carmody for its failure to correct the shortcomings detailed in the notice of default. (Ltr. from Marc Heiman dated Sept. 10, 2007, Ex. 6 to Schulman Affirm.)

### B. Procedural History and the Arbitration Award

Carmody initiated suit against R&R in New York State Supreme Court, Bronx County, seeking damages for labor and materials expended prior to its termination. Carmody subsequently filed for bankruptcy protection in the Southern District of New York and removed this action to this Court in 2008 pursuant to 28 U.S.C. § 1452 on the ground that the claim was related to a bankruptcy case.

In December 2010, the parties agreed to submit their dispute to arbitration. The agreement stipulated that the arbitrator was to determine five issues. (Stipulation and Order dated Dec. 16, 2010 ¶ 2, Dkt. No. 51.) It

also provided that "[t]he Award of the Arbitrator shall be a reasoned Award." (*Id.* ¶ 4.)

In March 2012, the parties selected Robert J. MacPherson as the arbitrator, and agreed that the arbitration would be bifurcated into two segments: (1) a liability phase (issues 1-4); and (2) a damages phase (issue 5). (Award at 1.) To date, the arbitrator has only issued an award as to liability; it is that award that is the subject of these motions.

The liability phase of the hearings took place over eight days spanning from April to July 2012. (*Id.*) The parties submitted approximately 120 exhibits each as well as written expert reports and written expert rebuttal reports, all of which the arbitrator considered in coming to his decision. (*Id.* at 1-2.) With this extensive record before him, on February 4, 2013, the arbitrator issued an eight-page, detailed written award (1) finding that there was a valid and enforceable contract between Carmody and R&R; (2) defining the terms of the contract; (3) finding that both parties' performance was affected by numerous unexpected changes that occurred during the pendency of the contract; and (4) that even taking these unexpected circumstances into account, Carmody had materially breached the contract and R&R's termination of Carmody was therefore appropriate. (*Id.* at 2.)

Of particular relevance to Carmody's petition to vacate the award are the arbitrator's findings as to issue number three in the Stipulation and Order providing for binding arbitration. That issue required a determination as to "whether and to what extent changes in scope of work, changes in schedule, changes in sequence, site conditions, delays and interruptions impacted Carmody, R[&]R and the Project."(Stipulation and Order ¶ 2.) In his written award, the arbitrator found that due to unforeseen conditions at the project site, extra work was required by Carmody that delayed the project and caused Carmody to incur additional costs, which R&R agreed to pay. (Award at 2, 4-6.) The arbitrator further determined that as a result of these conditions, the parties agreed in August to extend the completion date to October 12. (*Id.* at 5-6.)

In April 2013, Carmody filed a petition with this Court challenging the arbitrator's award on multiple grounds. R&R cross-moved for confirmation of the award.

## II. DISCUSSION

"It is well settled that judicial review of an arbitration award is extremely limited," and a district court may only "vacate an arbitration award in specific narrow circumstances" enumerated in the FAA. *Eisenberg v. Angelo Gordon & Co.*, 82 F. Supp. 2d 180, 181 (S.D.N.Y.), *aff'd*, 234 F.3d 1261 (2d Cir. 2000). Courts may also refuse to enforce arbitral awards "when enforcement of the award would be directly at odds with a well defined and dominant public policy resting on clear law and legal precedent." *Saint Mary Home, Inc. v. Serv. Emps. Int'l Union, Dist. 1199*, 116 F.3d 41, 46 (2d Cir. 1997).

Petitioner advances two theories to challenge the award: (1) the award should be vacated pursuant to FAA § 10(a)(4) because the arbitrator exceeded his authority as set forth in the Arbitration Agreement; and (2) the award should be vacated as a matter of public policy. Both theories fail.

### A. The Arbitrator Did Not Exceed His Authority

Pursuant to section 10(a)(4), a district court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The Second Circuit has "consistently accorded the narrowest of readings to [§ 10(a)(4)] . . . in order to facilitate the purpose underlying arbitration: to provide parties with efficient dispute resolution, thereby obviating the need for protracted litigation." *ReliaStar Life Ins. Co. of New York v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d. Cir. 2009) (quotation marks and citations omitted). "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).

Petitioner's argument that the arbitrator exceeded his authority is based on two grounds: (1) the arbitrator did not provide a "reasoned" award as directed by the parties' stipulation; and (2) the arbitrator improperly made a determination as to the amount of damages during the liability phase of the hearings. Neither argument carries the day.

### 1. There was a reasoned award.

The Second Circuit has found that, in general, "[t]he arbitrator's rationale for an award need not be explained" and "[o]nly a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (quotation marks and citations omitted). However, parties may stipulate that the arbitrator provide a more detailed award, in which case the Court should ensure that the award gives effect to that intent. *See New Elliott Corp. v. MAN Gutehoffnungshutte AG*, 969 F. Supp. 13, 14-15 (S.D.N.Y. 1997) (vacating an arbitration panel's "bare-bones decision" where the agreement provided that arbitrators "would make written 'findings of fact and conclusions of law'").

Here, the arbitration agreement requires that the arbitrator provide a "reasoned Award." Although the Second Circuit has not explicitly defined what constitutes a "reasoned" award, other courts in this district have "read a reasoned award requirement as mandating that the arbitrators provide something short of findings [of fact] and conclusions [of law] but more than a simple result." *Leeward Const. Co. v. Am. Univ. of Antigua – Coll. of Med.*, No. 12 Civ. 6280 (LAK), 2013 WL 1245549, at *3 (S.D.N.Y. Mar. 26, 2013) (alterations in original) (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 473 (5th Cir. 2012)); *see also Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co.*, No. 12 Civ. 1400 (PKC), 2012 WL 2821936, at *8-9 (S.D.N.Y. July 9, 2012) (finding that an arbitration panel issued a reasoned award where "[i]n seven pages . . . the Final Award recite[d] the relevant terms of the Agreement, the history of the dispute . . . and the panel's rationale").

A review of the detailed, well-reasoned eight-page award here reveals that the arbitrator set forth at length the history of the dispute and his findings with regard to each issue submitted to him, as well as an

explanation for each of his findings. The Court finds that this easily satisfies the requirements of a "reasoned Award." *See Am. Centennial*, 2012 WL 2821936, at *9.

Petitioner's specific contention is that the arbitrator failed to issue a reasoned award with respect to issue number three because he did not address whether, and to what extent, the parties and construction project were impacted by conditions that arose *subsequent* to the August Agreement. Petitioner demands too much. A reasoned award requirement does not obligate the arbitrator to discuss every single piece of evidence or "to show how every single proposition [he] adopted could be derived from first principles." *Leeward*, 2013 WL 1245549, at *3.

Moreover, the award indicates that the arbitrator *did* consider conditions that arose after the August Agreement. The arbitrator makes reference to e-mails exchanged between the parties subsequent to the August Agreement, as well as to Carmody's September 6 response to R&R's notice of default, in which petitioner details a litany of conditions that allegedly affected its performance. (*See* Ex. 2 to Schulman Affirm.)

Given the award's length and detail, including its reference to exchanges between the parties that occurred subsequent to the August Agreement, there is no doubt that the arbitrator rendered a reasoned award as bargained for by the parties. *See Am. Centennial*, 2012 WL 2821936, at *9.

### 2. *There was no determination of damages.*

Petitioner's second contention is that, contrary to the parties' agreement, the arbitrator made a determination as to damages in the liability award. Simply put, he did not.

The arbitrator made no determination as to damages sustained by either party, but rather considered Carmody's requests for additional compensation as a factor in his determination of whether Carmody or R&R was responsible for breaching the agreement. This was appropriate, and did not exceed the scope of the liability phase of the arbitration.

### B. The Award Does Not Contravene Public Policy

Petitioner argues in the alternative that the award should be vacated as a matter of public policy because the award did not comply with the intentions of the parties.

This is merely an attempt by Carmody to reargue its previous points, and assumes that the arbitrator did not comply with the parties' intentions. As already determined, the arbitrator provided the reasoned award for which the parties had bargained and made no premature determination as to damages.

### C. The Court Grants Respondent's Cross-Motion to Confirm the Award

Upon timely application to confirm an award, a "court must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. Respondent has timely applied for confirmation, and the Court finds no ground upon which to vacate, modify, or correct the award. Accordingly, R&R's cross-motion to confirm the award is granted.

### III. CONCLUSION

For the reasons set forth above, Carmody's petition to vacate the arbitration award is denied (Dkt. No. 58), and R&R's cross-motion to confirm the award is granted (Dkt. No. 60).

Dated:  New York, New York
        August 19, 2013

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.